IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WARNER-TAMERLANE PUBLISHING CORP., a California corporation, WB MUSIC CORP., a California corporation, UNICHAPPELL MUSIC INC., a Delaware corporation, COTILLION MUSIC INC., a Delaware Corporation, RIGHTSONG MUSIC INC., a Delaware Corporation, and WALDEN MUSIC INC., a New York Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ACE KARAOKE CORPORATION, a California corporation, d/b/a "ACEKARAOKE.COM", and DAVID SU, Individually.<br><br>Defendants. | Case No. 3:09 cv 0937<br><br>Judge John T. Nixon<br><br>Magistrate Judge Juliet Griffin<br><br>JURY DEMAND<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES** |

NOW COME the Plaintiffs, WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WARNER-TAMERLANE PUBLISHING CORP., a California corporation, and WB MUSIC CORP., a California corporation, UNICHAPPELL MUSIC INC., a Delaware corporation, COTILLION MUSIC INC., a Delaware Corporation, RIGHTSONG MUSIC INC., a Delaware Corporation, WALDEN MUSIC INC., a New York Corporation, ("Plaintiffs"), by and through their attorneys, Paul Harrison Stacey, Law Offices of Paul Harrison Stacey, P.C., Timothy L. Warnock and Howell G. O'Rear, Riley, Warnock & Jacobson, PLC, and for their **SECOND AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES** against Defendants, ACE KARAOKE CORPORATION, a California corporation, d/b/a

"ACEKARAOKE.COM" and DAVID SU Individually, (hereinafter, collectively, "ACE Defendants") for copyright infringement and unfair competition, state as follows:

## Jurisdiction and Venue

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) and 1400(b).

## The Parties

1. Plaintiff WARNER/CHAPPELL MUSIC, INC., is a Delaware Corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

2. Plaintiff WARNER-TAMERLANE PUBLISHING CORP., is a California corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

3. Plaintiff WB MUSIC CORP., is a California corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

4. Plaintiff UNICHAPPELL MUSIC INC., is a Delaware corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

5. Plaintiff COTILLION MUSIC INC., is a Delaware corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

6. Plaintiff RIGHTSONG MUSIC INC., is a Delaware corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

7. Plaintiff WALDEN MUSIC INC., is a New York Corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

8. Defendant, ACE KARAOKE CORPORATION, is a California corporation, ("ACE") and on information and belief, has its principal offices located at 161 South 8th Avenue, City of Industry, California 91746. ACE is doing business throughout the world, including the State of Tennessee and in the Middle District in Nashville, through its interactive internet web site known as "acekaraoke.com."

9. Defendant, DAVID SU, Individually ("SU"), is a citizen and resident of the State of California, residing at 188 West Arthur Avenue, Arcadia, California 91107 and is, upon information and belief, the President of Defendant ACE. Defendant SU personally participates in the distribution of unauthorized recordings of the Plaintiffs' music copyrights in conjunction with Co-Defendant ACE through ACE's various retail stores and through the interactive internet web site known as "acekaraoke.com," which does business throughout the world including Nashville, Tennessee.

**FACTUAL BACKGROUND**

10. Karaoke, which means "empty orchestra" in Japanese, is a multi-million dollar business. Most of the revenue derived in the United States is from sales of recordings of already popularized music through various national distributors and "authorized dealers." The ACE Defendants are among the leading competitors in the business.

11. Karaoke "CD+G" and "SCD+G" recordings are actually re-recordings of hit songs, with the lead vocal tracks either omitted (instrumental) so that the consumer can "sing along" as if he/she were the lead singer or, in the alternative, with a vocal track sung by sound-alike artists (learning track) which in some formats can be muted upon playback so that the

karaoke recording may be listened to either with or without a lead vocal accompaniment. These products are recorded and encoded to provide a contemporaneous video display of the lyrics to the song for the consumer to sing along.

12. Interactive internet websites like those utilized by the named Defendants have used promotional clips of unlicensed recordings of the Plaintiffs' music copyrights in the form of "buffered" and "MP-3" files on their websites which may be played as streaming audio files by visitors to their websites. The promotional clips are used by Defendants to advertise, distribute and sell by stimulating or inducing the purchase of karaoke recordings, including but not limited to, the unlicensed recordings of the Subject Works

13. A fundamental legal requirement for recording copyrighted material for purposes of producing a karaoke record is a license for exploitation of the song, which must be obtained from the songwriter or his agent, generally called a "music publisher," "publisher" or "administrator." Plaintiffs are music publishers that own or control, in whole or in part, the copyrights in thousands of well known and popular music compositions that have been recorded, reproduced, distributed, marketed, advertised, "sampled" and sold without Plaintiffs' authorization by the ACE Defendants. Plaintiffs are in the business developing and exploiting original music in conjunction with song writers, as well as building their catalogue of music copyrights through acquisition of other catalogues. As the owners/administrators of their catalogue of music copyrights, Plaintiffs license the rights to record, reproduce, distribute, advertise and otherwise exploit such copyrighted musical works, in exchange for the payment of royalties or other fees customarily associated with the issuance of such licenses. Plaintiffs have not licensed the Defendants to engage in the activities complained of herein.

14.     Karaoke recordings, unlike typical sound recordings, require "synchronization" licenses for the graphic display of lyrics that appear on a monitor in a synchronized presentation with the recorded music. The synchronization license typically grants rights for a mechanical reproduction of the musical composition, the use of the lyrics in synchronized graphic display, the right to use the copyright in an advertisement and/or promotional use of the composition, and may include a "print" permission for reproduction of the song's lyrics on lyric booklets or inserts in the karaoke package. Pursuant to the synchronization licenses, karaoke companies are required to pay fixing fees, advances against future royalties, and account and pay royalties based upon the total number of units manufactured, usually on a quarterly basis. The customary rates for synchronization licenses are fairly standardized.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.     Plaintiffs are the owners/administrators of the copyrights, which are original musical compositions, listed on the schedules attached hereto as Exhibits "A" through "L" and either own and/or exclusively administer a percentage of the copyright as indicated on those schedules. For the purposes of Plaintiffs' claims, the list of musical compositions identified on the attached Exhibits "A" through "L" shall be referred to as the "Subject Works." True and correct copyright registration numbers relative to each of the Subject Works are included in the Exhibits.

16.     All of the Subject Works identified herein contain material wholly original and are copyrightable subject matter under the laws of the United States.

17.     Plaintiffs are informed and believe, and on that basis allege, since *at least* as early 2006, Defendants and each of them have been participating in the reproduction, distribution, advertising, promotion and offering for sale for the purpose of inducing purchases of illegal and

5
Case 3:09-cv-00937   Document 33   Filed 07/13/10   Page 5 of 19 PageID #: 396

unauthorized copies of one or more of the Subject Works, in the form of "karaoke" recordings, to the extent that such recordings have been in existence from time to time. Such recordings largely have been in either the "CDG," "CD+G," "SCDG," or "SCD+G" format for discs.

18. The Defendants, as a separate and additional course of infringement, have been manufacturing recorded promotional clips ("previews") of the Subject Works in either "MP-3" or "buffered" format, which are capable of being played over their interactive internet websites and listened to by prospective purchasers. The promotional clips of music advertise, promote and offer for sale for the purpose of inducing the purchase of the illegal and unauthorized copies of the Subject Works in the form of "karaoke" type recordings. These promotional clips of the recordings are typically presented in the form of a 20-30 second portion of the composition.

19. The conduct of the ACE Defendants constitutes direct and willful infringement of Plaintiffs' music copyrights as well as Unfair Competition. The natural, probable and foreseeable result of ACE Defendants' wrongful conduct has been and will continue to be to deprive Plaintiffs of the benefits of selling the Subject Works, to deprive Plaintiffs of the usual and customary royalties to which they would be entitled if the Subject Works were properly licensed with synchronization licenses or advertising/promotional licenses and to deprive Plaintiffs of goodwill.

# FIRST CLAIM FOR RELIEF
# COPYRIGHT INFRINGEMENT
# 17 U.S.C. §§ 101, *ET SEQ.*

## (Direct Copyright Infringement vs. ACE KARAOKE CORPORATION and DAVID SU, Individually) ("ACE Defendants")

20. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 19, inclusive, as though fully set forth herein, as and for this paragraph 20, and incorporates them herein by this reference.

21. By their actions alleged above, ACE KARAOKE CORPORATION and DAVID SU, Individually ("ACE Defendants") have infringed and will continue to infringe Plaintiffs' copyright interests in and relating to those Subject Works identified on Exhibits A, B, C, D, E, F, G, H, I, J, K and L attached hereto, relating to the distribution, advertising, recording and placing upon the market products which contain unauthorized recordings of the songs and graphic displays of the lyrics of the copyrighted Subject Works. Exhibits A, B, C, D, E, F, G, H, I, J, K and L specifically identify the particular copyrights owned or administered by Plaintiff contained on the unlicensed brands of karaoke recordings identified as "CHARTBUSTER," "KARAOKE KLUB," "BACKSTAGE," "NUTECH PARTY PAKS," "MUSIC MAESTRO," "MAGIC TRACKS" "U-BEST," "FIESTA KARAOKE," "HOT STUFF," "LEGENDS," "PRIDDIS" and "MONSTER HITS," which have been unlawfully advertised, distributed and sold by the ACE Defendants.

22. Plaintiffs are entitled to an injunction restraining the ACE Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

23. Plaintiffs are further entitled to recover from the ACE Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and

advantages obtained by the ACE Defendants as a result of the ACE Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs. Alternatively, Plaintiffs are entitled at their election to an award of statutory damages based upon the ACE Defendants' acts of infringement alleged above.

WHEREFORE, the Plaintiff, WARNER/CHAPPELL MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP. and WB MUSIC CORP., UNICHAPPELL MUSIC, INC., COTILLION MUSIC INC., RIGHTSONG MUSIC INC. and WALDEN MUSIC INC., respectfully pray this Honorable Court for entry of judgment in their favor or an order providing the following relief against ACE KARAOKE CORPORATION, and DAVID SU, Individually, as follows:

    a.    That the Court finds that the Defendants have infringed Plaintiffs' copyright interests in the Subject Works identified on Exhibits A, B, C, D, E, F,G, H, I, J, K and L attached hereto and associated with the brands identified on said respective Exhibits.

    b.    That the Court finds a substantial likelihood that the Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works identified on Exhibits A, B, C, D, E, F, G, H, I, J, K and L attached hereto, unless enjoined from doing so.

    c.    That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise,

reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

  d.  That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control.

  e.  That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

  f.  That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works.

  g.  Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

  h.  That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof.

9
Case 3:09-cv-00937   Document 33   Filed 07/13/10   Page 9 of 19 PageID #: 400

i. Alternatively, and upon Plaintiffs' election, that judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Active 1976, 17 U.S.C. §§ 101 *et seq.*

j. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

k. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

l. That Plaintiffs have judgment against Defendants for Plaintiffs' costs and attorneys' fees.

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §§ 101, *ET SEQ.*

### (Vicarious Infringement)

24. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 23, inclusive, as though fully set forth herein, as and for this paragraph 24, and incorporates them herein by this reference.

25. By their actions alleged above, Defendant DAVID SU, Individually, was financially interested in and possessed the ability to control the infringing activities of ACE KARAOKE CORPORATION and its infringement of Plaintiffs' copyright interests in and relating to the Subjects Works on Exhibits "A-L" by variously producing, distributing, advertising, recording and placing upon the market products which contain recordings of the

10

songs and printed lyrics of Plaintiffs' copyrighted Subject Works, while failing to secure licenses for such uses.

26. Plaintiffs are entitled to an injunction restraining Defendant and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

27. Plaintiffs are further entitled to recover from Defendant the damages including attorneys' fees they have sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of vicarious infringement alleged above. Alternatively, Plaintiffs may elect the statutory penalties provided for in 17 U.S.C. § 504(c)(1) and (2), not to exceed $150,000.00 per copyright, per Defendant. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs and Plaintiffs reserves the right to make such election to have the Court impose the statutory penalties.

WHEREFORE, the Plaintiff, WARNER/CHAPPELL MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP. and WB MUSIC CORP., UNICHAPPELL MUSIC, INC., COTILLION MUSIC INC., RIGHTSONG MUSIC INC. and WALDEN MUSIC INC., respectfully pray this Honorable Court for entry of judgment in their favor or an order providing the following relief against DAVID SU, Individually, as follows:

    a. That the Court finds that the Defendant has vicariously infringed Plaintiffs' copyright interests in the Subject Works identified on Exhibits A, B, C, D, E, F,G, H, I, J, K and L attached hereto and associated with the brands identified on said respective Exhibits.

    b. That the Court finds a substantial likelihood that the Defendant will continue to infringe Plaintiffs' copyright interests in the Subject Works identified

on Exhibits A, B, C, D, E, F, G, H, I, J, K and L attached hereto, unless enjoined from doing so.

c. That Defendant and all other persons in active concert or privity or in participation with him, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

d. That Defendant and all other persons in active concert or privity or in participation with him, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in his possession, custody or control.

e. That Defendant and all other persons in active concert or privity or in participation with him, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendant, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

f. That Defendant be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works.

g. Defendant be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in

writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

h. That judgment be entered for Plaintiffs and against Defendant for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof.

i. Alternatively, and upon Plaintiffs' election, that judgment be entered for Plaintiffs and against Defendant for statutory damages based upon Defendant's acts of infringement, pursuant to the Copyright Active 1976, 17 U.S.C. §§ 101 *et seq*.

j. That Defendant be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

k. That all gains, profits and advantages derived by Defendant from his acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

l. That Plaintiffs have judgment against Defendant for Plaintiffs' costs and attorneys' fees.

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

### -THIRD CLAIM FOR RELIEF-

### (Willful Copyright Infringement vs. ACE KARAOKE CORPORATION and DAVID SU, INDIVIDUALLY ("ACE DEFENDANTS") PURSUANT TO 17 U.S.C. § 504(c)(2)

28. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 27, inclusive, as though fully set forth herein, as and for this paragraph 28, and incorporates them herein by this reference.

29. By their actions alleged above, ACE KARAOKE CORPORATION and DAVID SU, Individually ("ACE Defendants") and each of them have knowingly and willfully infringed and will continue to knowingly and willfully infringe Plaintiffs' copyright interests in and relating to the Subject Works identified on Exhibits A, B, C, D, E, F, G, H, I, J, K and L attached hereto by producing, copying, distributing, advertising and placing upon the market products which contain recordings of the songs and printed lyrics of Plaintiffs' copyrighted Subject Works, while deliberately failing to secure licenses for such uses.

30. Plaintiffs are entitled to an injunction restraining the ACE Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such willful acts in violation of the copyright laws.

31. Plaintiffs are further entitled to recover from the ACE Defendants the damages including attorneys' fees they have sustained and will sustain, and any gains, profits and advantages obtained by the ACE Defendants as a result of the ACE Defendants' acts of willful infringement alleged above. Alternatively, Plaintiffs may elect the statutory penalties provided for in 17 U.S.C. § 504(c)(1) and (2), not to exceed $150,000.00 per copyright, per Defendant. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs and Plaintiffs reserves the right to make such election to have the Court impose the statutory penalties.

WHEREFORE, the Plaintiff, WARNER/CHAPPELL MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP. and WB MUSIC CORP., UNICHAPPELL MUSIC INC.,

COTILLION MUSIC INC., RIGHTSONG MUSIC INC. and WALDEN MUSIC INC., respectfully pray this Honorable Court for entry of judgment in their favor or an order providing the following relief against ACE KARAOKE CORPORATION, and DAVID SU, Individually, as follows:

    a.    That the Court finds that Defendants have infringed Plaintiffs' copyright interests in the Subject Works identified on Exhibits A, B, C, D, E, F, G, H, I, J, K and L attached hereto and associated with the brands identified on said respective Exhibits.

    b.    That the Court finds a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works identified on Exhibits A, B, C, D, E, F, G, H, I, J, K and L attached hereto, unless enjoined from doing so.

    c.    That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

    d.    That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control.

    e.    That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all

15
Case 3:09-cv-00937 Document 33 Filed 07/13/10 Page 15 of 19 PageID #: 406

others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

  f.  That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works.

  g.  Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

  h.  That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof.

  i.  Alternatively, and upon Plaintiffs' election, that judgment be entered for Plaintiffs and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Active 1976, 17 U.S.C. §§ 101 *et seq.*

  j.  That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

  k.  That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

  l.  That Plaintiffs have judgment against Defendants for Plaintiffs' costs and attorneys' fees.

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION vs. ACE DEFENDANTS

32. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 31 inclusive, as though fully set forth herein, as and for this paragraph 22, and incorporate them herein by this reference.

33. Plaintiffs have expended many millions, if not hundreds of millions, of dollars in their business endeavors for the purpose of creating, developing, promoting and otherwise commercializing the copyrights at issue in this lawsuit. Alternatively, Plaintiffs have expended such monies on the purchase of countless catalogs of music copyrights, which are then further developed, promoted and otherwise commercialized, all of which vastly contributes to the value of the copyrights. While some of the copyrights are ultimately successful in varying degrees, such as the ones infringed by the ACE Defendants, many others (the vast majority) are not successful.

34. The ACE Defendants have engaged in unfair competition with Plaintiffs because they have no rights to the music copyrights being exploited in the various "karaoke" products being manufactured, advertised, distributed and sold by them. Most unfair is that the Defendants have the benefit of exploiting the proven success of Plaintiffs' investment of time and money to develop the successful copyrights, i.e., ones which have already been proven "hits" with the consuming public, without the burden of financial losses which are incurred relative to copyrights which the public has either rejected or not received well.

35. Plaintiffs are damaged by this unfair competition.

WHEREFORE, the Plaintiff, WARNER/CHAPPELL MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP. and WB MUSIC CORP., UNICHAPPELL MUSIC INC., COTILLION MUSIC INC., RIGHTSONG MUSIC INC. and WALDEN MUSIC INC., respectfully pray this Honorable Court for entry of judgment in their favor or an order providing the following relief against ACE KARAOKE CORPORATION, and DAVID SU, Individually, as follows:

    a.    That the Court find that the ACE Defendants have unfairly competed against the Plaintiffs in the commercialization of the Plaintiffs' copyright interests in the Subject Works identified and attached hereto as Exhibits A, B, C, D, E, F, G, H, I, J, K and L.

    b.    That the Plaintiffs be awarded compensatory and punitive damages against the ACE Defendants in an amount to be determined at the trial by the jury.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

    /s/Paul Harrison Stacey
Paul Harrison Stacey
Law Offices of Paul Harrison Stacey, P.C.
Wyoming Bar No. 5-2615
7225 N. Spring Gulch Road
P.O. Box 4157
Jackson, WY 83001
Ph:    307-733-7333
Fax:    307-733-7360

*Illinois Office:
202 W. Willow Avenue, Suite 103
Wheaton, Illinois 60187
Ph:    630-462-1949
Fax:   630-462-9293

and


/s/Timothy L. Warnock
Timothy L. Warnock
Howell G. O'Rear
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Ph.:  615-320-3700
***Attorneys for Plaintiffs,***
***WARNER/CHAPPELL MUSIC, INC., et al.***,


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically via the Court's ECF system upon the following:

James C. Bradshaw III, BPR # 13170
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203

this the 23rd day of June, 2010.


s/ Timothy L. Warnock
Timothy L. Warnock