| | |
|---|---|
| WARNER/CHAPPELL MUSIC, INC. et al., | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 3:09-cv-0937 |
| ACE KARAOKE CORPORATION, a | ) |
| California Corporation, d/b/a | ) |
| "ACEKARAOKE.COM", and DAVID SU, | ) |
| Individually, | ) |
| | ) |
|       Defendants. | ) |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants, ACE Karaoke Corporation and David Su, individually (hereinafter "ACE Defendants"), by and through counsel, hereby respectfully respond to Plaintiffs' Second Amended Complaint as follows:

1.    The allegations in paragraph number 1 of the Second Amended Complaint in the section titled "Jurisdiction and Venue" are admitted to the extent that the Plaintiffs allege copyright infringement.

2.    The allegation in paragraph number 2 of the Second Amended Complaint in the section titled "Jurisdiction and Venue" is admitted.

3.    With respect to the section of the Second Amended Complaint titled "The Parties", the ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations in paragraphs numbered 1, 2, 3, 4, 5, 6, and 7 thereunder and therefore deny the same.

4.    The ACE Defendants admit the allegations in paragraph number 8, of the Second Amended Complaint in the section titled "The Parties".

5. Defendant Su (hereinafter referred to collectively with Defendant ACE Karaoke Corporation as "ACE Defendants") admits the allegations in the first sentence of paragraph number 9 of the Second Amended Complaint in the section titled "The Parties". The ACE Defendants deny the remaining allegations in paragraph number 9 of the Second Amended Complaint in the section titled "The Parties" and demand strict proof thereof.

6. Upon information and belief, the ACE Defendants admit the allegations in the first and second sentences in paragraph number 10 of the Second Amended Complaint. The ACE Defendants are without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph number 10 of the Second Amended Complaint and therefore deny the same.

7. The allegations in paragraph number 11 are not directed specifically at the ACE Defendants, and the ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph number 11 of the Second Amended Complaint and therefore deny the same.

8. The ACE Defendants deny the general allegations in paragraph number 12 of the Second Amended Complaint and demand strict proof thereof.

9. The allegations in paragraph number 13 of the Second Amended Complaint are based upon legal conclusions and the ACE Defendants therefore are without knowledge or information sufficient to admit or deny the same.

10. The general allegations in paragraph 14 of the Second Amended Complaint are not directed specifically at the ACE Defendants, and the ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 14 of the Second Amended Complaint.

2
Case 3:09-cv-00937   Document 34   Filed 07/30/10   Page 2 of 10 PageID #: 464

11. The ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 15 of the Second Amended Complaint and demand strict proof thereof.

12. The ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 16 of the Second Amended Complaint and demand strict proof thereof.

13. The ACE Defendants deny that they have engaged in the manufacture and reproduction of any of the Subject Works, or that they had any knowledge of the alleged illegal or unauthorized nature of the copies at issue. Defendant Su denies any individual participation in the activities alleged in paragraph 17 of the Amended Compliant. The ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 17 of the Second Amended Complaint and demand strict proof thereof.

14. The ACE Defendants deny that they engaged in any manufacturing of recorded promotional clips of the Subject Works as alleged in paragraph 18 of the Second Amended Complaint. The ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 18 of the Second Amended Complaint and demand strict proof thereof as to the specific allegations against the ACE Defendants.

15. The ACE Defendants deny the allegations in paragraph 19 of the Second Amended Complaint.

16. In response to the allegations of paragraph 20 the ACE Defendants adopt and incorporate by reference their responses to the allegations in paragraphs 1 through 19 of the Second Amended Complaint.

3

17. The ACE Defendants deny that they infringed and will continue to infringe on Plaintiffs' Subject Works as alleged in the first and second sentences of paragraph 21. The ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 21 of the Second Amended Complaint and demand strict proof thereof.

18. The allegations in paragraph 22 are based upon legal conclusions to which no response is required.

19. The allegations in paragraph 23 are based upon legal conclusions to which no response is required. 20. The ACE Defendants deny that Plaintiffs are entitled to any of the relief requested in the prayer for relief on pages 8 through 10 of the Second Amended Complaint including subparagraphs (a) through (m).

21. In response to the allegations of paragraph 24 the ACE Defendants adopt and incorporate by reference their responses to the allegations in paragraphs 1 through 23 of the Second Amended Complaint.

22. The Ace Defendants admit that David Su is financially interested in and has the ability to control the actions of Ace Karaoke Corporation. The Ace Defendants deny that they have produced products which contain recordings of any songs or printed lyrics. The Ace Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 25.

23. The allegations in paragraph 26 are based upon legal conclusions to which no response is required.

24. The allegations in paragraph 27 are based upon legal conclusions to which no response is required.

25. The ACE Defendants deny that Plaintiffs are entitled to any of the relief requested in the prayer for relief on pages 11 through 13 of the Second Amended Complaint including subparagraphs (a) through (m).

26. In response to the allegations of Paragraph 28, the ACE Defendants adopt and incorporate by reference their responses to the allegations in paragraphs 1 through 27 of the Second Amended Complaint.

27. The ACE Defendants deny any knowing and willful infringement of any copyrighted Subject Works as alleged in paragraph 29 of the Second Amended Complaint.

28. The allegations in paragraph 30 are based upon legal conclusions to which no response is required.

29. The allegations in paragraph 31 of the Second Amended Complaint are based upon legal conclusions to which no response is required.

30. The ACE Defendants deny that Plaintiffs are entitled to any of the relief requested on pages 14 through 17 of the Second Amended Complaint including subparagraphs (a) through (m).

31. In response to the allegations of Paragraph 32, the ACE Defendants adopt and incorporate by reference their responses to the allegations in paragraphs 1 through 31 of the Second Amended Complaint.

32. The ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the remaining allegations in paragraph 33 of the Second Amended Complaint and demand strict proof thereof.

33. The ACE Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 34 of the Second Amended Complaint and demand strict proof thereof.

34. The allegations in paragraph 35 are based upon legal conclusions to which no response is required.

35. Any and all allegations not specifically admitted are hereby denied.

36. The ACE Defendants reserve the right to amend their Answer to plead additional denials or defenses as merited by their ongoing investigation and discovery.

For further response to the Second Amended Complaint, and as separate, affirmative defenses, the ACE Defendants state as follows:

### First Affirmative Defense

The ACE Defendants assert and rely upon all applicable statutes of limitations as a bar to any recovery Plaintiffs may have against the ACE Defendants.

### Second Affirmative Defense

The ACE Defendants are innocent infringers entitled to the protections accorded by 17 U.S.C. § 504.

### Third Affirmative Defense

To the extent that any of the allegedly infringing works are found to have infringed on Plaintiffs' copyrights, such infringement occurred without the ACE Defendants' knowledge.

### Fourth Affirmative Defense

Upon information and belief, Plaintiffs and/or Plaintiffs' agents or licensees entered into license agreements authorizing use of the Subject Works that are allegedly infringed.

6
Case 3:09-cv-00937   Document 34   Filed 07/30/10   Page 6 of 10 PageID #: 468

### Fifth Affirmative Defense

Upon information and belief, one or more of the Plaintiffs lack standing to prosecute the claims set forth in the Second Amended Complaint regarding some or all of the copyrights alleged in the Second Amended Complaint.

### Sixth Affirmative Defense

To the extent any harm to Plaintiffs occurred, such harm was proximately caused, if at all, by persons or entities other than the ACE Defendants. Such persons or entities are either solely responsible for such acts and conduct or, in the alternative, the ACE Defendants are entitled to be defended and indemnified by such persons or entities.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, precluded, or limited, in whole or in part, by the prior settlement and/or release of such claims.

### Eighth Affirmative Defense

If Plaintiffs are entitled to any monetary relief, Plaintiffs' claims are limited by any applicable setoffs.

### Ninth Affirmative Defense

Plaintiffs' claim for unfair competition is pre-empted by the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*.

### Tenth Affirmative Defense

Being fully informed of the acts and events which they now complain, Plaintiff ratified and affirmed all conduct with respect to those acts and events and, therefore, have waived their claims and are estopped from asserting the same.

### Eleventh Affirmative Defense

To the extent that Plaintiffs failed to comply with the registration, deposit, and/or other statutory requirements, including obtaining registrations by fraud, which are conditions precedent to maintain their copyright interest and/or to the requirements for the recovery of statutory damages, then such claims should be dismissed.

### Twelfth Affirmative Defense

Plaintiffs are barred from any recovery to the extent that they willingly and/or voluntarily consented by implication or by conduct to the alleged acts or omissions on the part of the ACE Defendants.

### Thirteenth Affirmative Defense

Plaintiffs are barred by laches from recovering any injunctive relief or other relief or remedy.

### Fourteenth Affirmative Defense

Plaintiffs claims are barred or limited insofar as any alleged use of copyrighted material was de minimus.

### Fifteenth Affirmative Defense

Any claim of copyright infringement is barred by the First Sale doctrine of §109 of the Copyright Act.

### Sixteenth Affirmative Defense

Any claim of copyright infringement is barred by the doctrine of fair use.

### Seventeenth Affirmative Defense

The ACE Defendants have insufficient knowledge or information as to whether they may have additional, yet unstated, affirmative defenses. As such, the ACE Defendants

reserve the right to supplement and amend this Answer to assert additional, separate affirmative defenses at or before trial as additional information is obtained through discovery and investigation.

## **JURY TRIAL DEMAND**

The ACE Defendants hereby request trial by jury on all issues wherein trial by jury is permissible.

**WHEREFORE**, the ACE Defendants pray as follows:

1. That the Second Amended Complaint and each count therein be dismissed with prejudice;

2. That Plaintiffs take nothing by their Second Amended Complaint;

3. That the ACE Defendants be awarded their attorney's fees incurred in this action pursuant to 17 U.S.C. § 505;

4. That the ACE Defendants be awarded their costs incurred herein;

5. For a jury to try this cause; and

6. For such other relief as this Court may deem just and proper.

Respectfully submitted,

s/ James C. Bradshaw III
James C. Bradshaw III, BPR 13170
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
Telephone: 615.244.0020
Facsimile: 615.256.1726
(jbradshaw@wyattfirm.com)

*Counsel for Ace Karaoke Corporation and David Su, Individually*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 30, 2010, a copy of the foregoing was filed in the above-captioned action. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Paul Harrison Stacey
Law Offices of Paul Harrison Stacey, P.C.
7225 N. Spring Gulch Road
P.O. Box 4157
Jackson, Wyoming 83001

Timothy L. Warnock
Howell G. O'Rear
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203

                                                    s/ James C. Bradshaw III

45404679.1

10
Case 3:09-cv-00937   Document 34   Filed 07/30/10   Page 10 of 10 PageID #: 472